DaNiel, J.
 

 The plaintiff has brought an action of debt upon the deed set forth in the case, to recover $3500, the price of building a house for the defendant. The first in-stalment of $1000 was agreed to be paid by the defendant, before the work was to be finished by the plaintiff; therefore that demand rested on an independent covenant. It has been paid, and there is no dispute as to that sum. The “ balance” (2500,) was to be paid,
 
 when
 
 the house should be completed. The defendant resisted the plaintiff’s recovery of this last instalment, on the ground, that he did not prove on the trial, that he had completed the house, within the time mentioned in the deed, to wit, on or before the 1st day of April, 1842. The court instructed the jury, that the covenants in the indenture, on this point, were independent, and that the plaintiff was entitled to recover. The dependence or independence of covenants, is to be collected from the evident sense and meaning of the parties; and, however transposed they may be in the deed, their pre-cedency must depend on the order of
 
 time,
 
 in which the intent of the transaction requires their performance.
 
 Kingston
 
 v Preston, cited in
 
 Jones
 
 v
 
 Blakely,
 
 Doug. 689. Wills. 496.
 
 Platt on Covenants,
 
 79. Taking the above directions as to the law on the subject, we must say, that the Judge erred in his charge. For we collect the intention and meaning of the parties to be, that the ($2500) was to be paid,
 
 if
 
 the plaintiff completed the house by the 1st day of April, 1842; at which time, he had covenanted that the house should be completed. The word
 
 when,
 
 must have reference to the time antecedently agreed upon by the parties for the completion of the building ; and that time was
 
 *500
 
 the 1st day of April, 1842. The completion of
 
 the
 
 house by the plaintiff in a workman like manner in the time stipulated in the deed, was, we think, a condition precedent to rjghtj hy force of his deed, to claim the $2500. This case is like that of
 
 Glazebrook
 
 v
 
 Woodrow,
 
 8 Term R. 366, where the plaintiff covenanted to sell to the defendant a school house, and to convey the same to him on or before the 1st of August, 1797, and to deliver up the possession to him on the 24th of June, 1796; and in consideration thereof, the defendant covenanted to pay to the plaintiff £120, on or before the 1st day of August, 1797. It was holden, that the covenant to convey, and that for the payment of the money, were dependent covenants ; and that the plaintiff could not maintain an action for the £120, without averring that he had conveyed, or tendered a conveyance to the defendant. Although the plaintiff may be unable to recover in his action as now framed, yet he may not be without remedy for such sum as he ought to recover. For if he has built a house for the defendant, which the latter has accepted and used, the plaintiff will be entitled to recover the just value of his work and labor, as estimated by a jury, in a proper action.
 

 Per Curiam. New trial awarded.